**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | )  **2:09-cr-325** |
| **COSMO FAZIO,** | )  **2:13-cv-522** |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE

OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY filed by

Petitioner/Defendant Cosmo Fazio with brief in support, the RESPONSE in opposition filed by

the government, and the REPLY brief submitted by Fazio. Accordingly, the motion is ripe for

disposition.

**I.       Background**

The parties and the Court are intimately familiar with the background of this case and,

therefore, the Court will not recite the facts or procedural history at any length. *See* Mem. Op. &

Order of Ct., ECF No. 848 (detailing the factual and procedural history relevant to the arguments

raised in the pending motion); Tr. of Nov. 21, 2011 Hr'g, ECF No. 813 (reproducing a seventy-

three page transcript from an evidentiary hearing held earlier in this case on nearly identical

issues to those raised in the pending motion). The following is a brief recitation of those matters

relevant to the issues presently before the Court.

On June 3, 2011, Fazio appeared before this Court with counsel and pled guilty to

conspiracy to distribute and possess with intent to distribute less than 500 grams of cocaine, a

lesser included offense of the crime charged in Count One of the Superseding Indictment filed at Criminal Number 09-325. The guilty plea was entered pursuant to a written plea agreement.

Before sentencing occurred, Fazio filed a motion to withdrawal his guilty plea on November 1, 2011 in which he alleged that he received ineffective assistance of counsel in violation of his Sixth Amendment right when his attorney of record at the plea stage failed to properly advise him of the potential immigration consequences of his conviction. On November 21, 2011, the Court conducted an evidentiary hearing on the motion at which all parties were represented by counsel. At the conclusion of the hearing, the Court ordered that the record remain open until December 8, 2011 so counsel could file post-hearing briefs in support of their respective positions. Those briefs were timely filed, and the Court issued its decision shortly thereafter.

The Court's December 27, 2011 Memorandum Opinion and Order concluded that Fazio failed to establish any of the required criteria for withdrawal of a guilty plea set forth in *United States v. Jones*, 336 F.3d 245 (3d Cir. 2003). Moreover, the Court found that Fazio's assertion of innocence lacked credibility; that the advice he received regarding the possible immigration consequences of his guilty plea did not violate *Padilla v. Kentucky*, 559 U.S. 356; that even assuming *arguendo* that Fazio was not adequately advised by counsel, the Court clearly notified him during the plea hearing colloquy that he faced potential immigration consequences; and that the withdrawal of his plea of guilty would severely prejudice the government. Accordingly, the Court proceeded to sentencing on January 19, 2012 in which Fazio received a three-year term of probation.

The plea agreement with the government signed by Fazio contained broad waiver provisions wherein he relinquished his right to file a direct appeal of his conviction or sentence,

subject to certain exceptions not here applicable.  Despite this provision, Fazio nevertheless filed

a direct appeal.  The United States Court of Appeals for the Third Circuit summarily granted the

motion to enforce the appellate waiver and affirmed the judgment imposed.

Of particular significance to the pending motion, the plea agreement signed by Fazio also

contained a provision whereby he specifically waived his right to file any motion pursuant to §

2255 or any other collateral attack upon his conviction or sentence.  Fazio once again has

flaunted the plain-language of the agreement, filing the instant § 2255 motion in which he

presents few original arguments and applies his previous ineffective assistance of counsel theory

to justify the unenforceability of the waiver contained in his plea agreement.  Stated otherwise,

Fazio now seeks to reargue his earlier position in a different procedural posture.  This approach

fares no better.

## II.    Analysis

Generally speaking, criminal defendants may waive their right to appeal or to collaterally

attack a sentence in a plea agreement provided it is entered into knowingly and voluntarily, and

its enforcement does not work a miscarriage of justice.  *See United States v. Mabry,* 536 F.3d

231, 237-39 (3d Cir. 2008); *see also United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)

(citing *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001)).  A district court has an

affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and

to assure itself that its enforcement works no miscarriage of justice.  *See Mabry*, 536 F.3d at 237-

38.  Applying these standards, the Court finds that Fazio's waiver of his collateral attack rights in

this case is valid and enforceable.

Contrary to Fazio's claim that he did not appreciate the consequences of his guilty plea

based on his former attorney's ineffective assistance and his alleged limited understanding of the

English language, a review of the record establishes that he did understand the significance and consequences of his waiver of rights and that he entered a plea of guilty knowingly and uncoerced. At the change of plea hearing, the Court placed Fazio under oath and conducted a thorough colloquy with him in open session and in very clear, plain language.to assure itself that he completely understood his constitutional and other rights, the terms of the plea agreement, and the potential consequences of entering a guilty plea. Fazio also consistently affirmed that he understood the effects of a guilty plea throughout the entirety of the colloquy, dispelling any concerns that he failed to appreciate the nature of the proceedings. Simply put, nothing in the record demonstrates anything other than a knowing and voluntary waiver.

Likewise, nothing in the record suggests that enforcement of the plea agreement would work a miscarriage of justice. Only a limited number of circumstances exist in which the miscarriage of justice exception would permit an appellate or collateral challenge to proceed despite a waiver: "if enforcing a collateral attack waiver would bar a criminal defendant's appeal on grounds expressly preserved in the plea agreement; if counsel was ineffective in negotiating the very plea agreement which contained the waiver; or if the Government had violated the terms of the plea agreement." *United States v. Davis*, CRIM. 08-204, 2013 WL 275251, at *7 (W.D. Pa. Jan. 24, 2013) (Fischer, J.) (citing *United States v. Mabry*, 536 F.3d 231, 243 (3d Cir. 2008)). Relevant here, "a waiver does not 'become[ ] unenforceable simply because a defendant 'claims' . . . ineffective assistance,' but only 'if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious.'" *United States v. Akbar*, 181 Fed. App'x 283, 286-87 (3d Cir. 2006) (quoting *United States v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004)) (alterations in original). The instant record reveals that Fazio could not succeed on such a claim; notably, the Court discussed the ineffective

4

assistance of counsel claim at length in its December 27, 2011 Memorandum Opinion and

disposed of that legal theory when denying his motion to withdraw his guilty plea.  Accordingly,

to the extent that Fazio relies on the previously raised *Padilla* theory to support the

unenforceability of the waiver provision, the Court incorporates that Opinion by reference.[1]

A few final notes bear mention.  The Court will not (re)consider the merits of Fazio's

claims under § 2255—the alleged *Padilla* violation—because it finds that he clearly and

unambiguously waived his right to file a motion under that statute or to otherwise seek collateral

relief.  Similarly, the Court also will not conduct an evidentiary hearing as it finds that the record

demonstrates that Defendant Cosmo Fazio is not entitled to the relief requested.  Finally, because

the Court does not reach the merits of Fazio's claim, there exists no basis for issuing a certificate

of appealability as he has failed to make "a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2).

### III.    Conclusion

For the reasons set forth above, the MOTION UNDER 28 U.S.C. § 2255 TO VACATE,

SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY will be

denied.

An appropriate Order follows.

> McVerrry J.

---

1. Fazio also attempts to characterize the enforcement of the plea agreement as a miscarriage of justice because it purportedly raises ethical concerns for a defense lawyer to advise his client to waive a future claim regarding ineffective assistance of counsel.  This position is without merit.  While the Court certainly recognizes that some ethics opinions have called this practice into question, the inclusion of that provision does not meet the standard for this sparingly applied exception.  *United States v. Castro*, 704 F.3d 125, 136 (3d Cir. 2013) ("Courts apply the 'miscarriage of justice' exception 'sparingly and without undue generosity.'") (citations omitted).  Indeed, the Professional Rules of Conduct do not presently prohibit the use of this oft-repeated practice.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) **2:09-cr-325** |
| **COSMO FAZIO,** | ) **2:13-cv-522** |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 7th day of Mary 2013, in accordance with the foregoing Memorandum

Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendant's MOTION

UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A

PERSON IN FEDERAL CUSTODY is **DENIED.**  The Clerk shall docket this case closed.


                                    BY THE COURT:

                                    s/Terrence F. McVerry
                                    United States District Judge


cc:     **Craig W. Haller, AUSA**
        Email: craig.haller@usdoj.gov
        **Almon S. Burke, Jr.**
        Email: alburkelaw@gmail.com